IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**BEVERLY LEWIS,** *Individually,*
*and on behalf of herself and others similarly*
*situated as a class,*

Plaintiff,

v.                                          No. _____

**CASEY'S GENERAL STORES, INC.,**           FLSA Collective Action
                                            **JURY DEMANDED**
Defendant.

## COLLECTIVE ACTION COMPLAINT

Plaintiff Beverly Lewis ("Plaintiff"), individually, and on behalf of herself and others similarly situated, files this Collective Action Complaint, averring as follows:

### I.    INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Casey's General Stores, Inc. ("Defendant" or "Casey's") by Plaintiff, individually, and on behalf of other similarly situated hourly-paid employees ("the putative class"). Plaintiff and the putative class were employed by Defendant during the three (3) years preceding the filing of this Complaint.

2. Plaintiff and the putative class seek damages for unpaid overtime compensation for the three (3) years preceding the filing of this lawsuit.

### II.    JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff worked for

1

Defendant in this district and Defendant has conducted business within this district during all relevant periods to this action.

### III. PARTIES

5. Defendant is an Iowa Corporation with its principal address at 1 SE Convenience Blvd, Ankeny, Iowa. According to the Tennessee Secretary of State, it may be served via its registered agent: C T Corporation System, 300 Montvue Rd, Knoxville, Tennessee 37919-5546.

6. Ms. Lewis was employed by Defendant as an hourly-paid employee during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

### III. COVERAGE

7. Defendant is a chain of convenience stores in the Midwestern and Southern United States.

8. Casey's operates in sixteen (16) different states and has over forty-thousand (40,000) employees.

9. Plaintiff and those similarly situated have been "employees" as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

10. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by Section 203(s)(1) of the FLSA.

11. Plaintiff and the putative class also engaged in commerce during the applicable statutory period.

## IV.    FACTS

12. Plaintiff and the putative class are "full time" hourly paid employees of Casey's.

13. Plaintiff and the putative class regularly worked forty (40) or more hours per week for Defendant throughout the last three (3) years.

14. However, they were not paid at a rate equal to at least time and one-half their regular rate of pay for all hours worked over forty (40) per week.

15. Defendant utilized three (3) methods to cheat Plaintiff and the putative class out of all overtime wages they were/are owed.

16. First, Defendant's district managers and/or store managers induced, required, forced, expected, encouraged, suffered and/or permitted Plaintiff and the putative class to perform work after being "clocked out."

17. Second, Plaintiff and the putative class were induced, required, forced, expected, encouraged, suffered and/or permitted to work during a 30-minute unpaid meal periods.

18. Finally, Plaintiff and the putative class had their time records edited by members of Defendant's management team to reflect less hours worked.

19. The aforementioned claims are unified through common theories of Defendant's FLSA violations.

20. Defendant willfully and, with reckless disregard to the FLSA, failed to compensate Plaintiff and the putative class for all compensable hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this Complaint.

21. Defendant knew it was failing to compensate Plaintiff and the putative class at the applicable FLSA overtime compensation rates of pay for all compensable hours within

3

weekly pay periods during all times material without a good faith basis for its failure.

22. Defendant's common actions, actual practices, and de facto policies of not compensating Plaintiff and the putative class for all their compensable overtime hours at the applicable FLSA overtime compensation rates of pay violated the FLSA.

23. As a result, Plaintiff and the putative class have suffered lost wages as well as other damages.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this case as a collective action on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

25. The putative class of similarly situated persons is defined as:

> All current and former hourly-paid employees who worked for and were employed by Defendant "full time" for at least one (1) full workweek anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action. [1]

26. Plaintiff and the putative class are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common de facto policy, plan, and actual practice that resulted in a failure to pay Plaintiff and class members for all hours worked at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

27. This action is also properly maintained as a collective action because Plaintiff is similarly situated to the members of the putative class with respect to Defendant's pay and compensation policies and practices and FLSA violations.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

4

28. Plaintiff requests this Court to authorize notice to the members of the putative class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, as well as liquidated damages, under the FLSA, and the other relief requested herein.

29. Plaintiff estimates there are thousands of members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice at each of Defendant's locations where putative class members are employed.

30. Plaintiff and putative class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violations of the Fair Labor Standards Act)**

31. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

32. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

33. Defendant's de facto policy and common practice of working Plaintiff and putative class members "off-the-clock," without compensating them for all such compensable time at the

5

applicable FLSA overtime compensation rates of pay within weekly pay periods at all time material to this action violated the FLSA.

34. Defendant's said actions and failures were willful with reckless disregard to clearly established FLSA principles.

35. Defendant's said actions and failures were not in good faith.

36. The unpaid overtime compensation claims of Plaintiff and the putative class are unified through a common theory of Defendant's FLSA violations.

37. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

38. Therefore, Defendant is liable to Plaintiff and putative class members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and putative class members request the Court to enter judgment in their favor on this Complaint and:

(a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendant;

(b) Find and declare Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

(c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

(d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

(e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

(f) Award post-judgment interest and court costs as allowed by law;

(g) Enter an Order designating this action as an opt-in collective action under the FLSA;

(h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

(i) Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

(j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

(k) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: August 4, 2022.              Respectfully Submitted,

*/s/ Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***