# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF
# TENNESSEE EASTERN DIVISION

**BEVERLY WILLIS**, *Individually,*
*and on behalf of herself and others*
*similarly situated as a class*,

    Plaintiff,

v.                                  Civil Action No. 1:22-cv-01166-JDB-jay

**CGS STORES, LLC**,

    Defendant.

## JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

This Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (the "Motion") is made and entered into between Plaintiff Beverly Willis and Opt-In Plaintiffs Tracy Burgwald, Kelly Cooper, Vicki Handte, Dayana Hudson, Donna Levatino, Melissa Moore, Jennifer Stafford-Kee, Alicia Barnhart and Tabatha Hatley, by and through their attorneys, on the one hand, and Defendant CGS Stores, LLC ("Defendant") by and through their attorneys, on the other hand.

### I.  STIPULATED RECITALS

On or about August 4, 2022, Plaintiff Willis filed a Complaint initiating this Lawsuit in which Plaintiff alleges that Defendant did not pay her and other alleged "similarly situated" individuals all overtime wages owed pursuant to the Fair Labor Standards Act ("FLSA") because Defendant failed to compensate her and alleged "similarly situated" individuals for all hours worked.  (Doc. 1).  Plaintiff Willis and Defendant have a bona fide dispute over these claims.

On or about August 5, 2022 Opt-In Plaintiff Cooper filed a notice of her consent to join this litigation as a party plaintiff pursuant to Section 216(b) of the FLSA.  (Doc. 8).

On or about August 8, 2022 Opt-In Plaintiff Stafford-Kee filed a notice of her consent to join this litigation as a party plaintiff pursuant to Section 216(b) of the FLSA.  (Doc. 9).

Defendant filed an Answer to the Complaint on October 29, 2022.  (Doc. 22).

Plaintiffs filed a First Amended Complaint on November 2, 2022.  (Doc. 23).

Defendant filed an Answer to the First Amended Complaint on November 16, 2022.  (Doc. 27).

On November 28, 2022, Plaintiffs filed a Motion for Conditional Certification (Doc. 30).

On January 18, 2023, the Parties filed a Joint Motion for Approval of Stipulation of Conditional Certification. (Doc. 41).

On or about March 7, 2023 Opt-In Plaintiffs Barnhart, Moore and Handte filed a notice of their consents to join this litigation as a party plaintiff pursuant to Section 216(b) of the FLSA. (Doc. 47).

On or about March 23, 2023 Opt-In Plaintiffs Levatino, Hudson and Burgwald-Smith filed a notice of their consents to join this litigation as a party plaintiff pursuant to Section 216(b) of the FLSA.  (Doc. 48).

On or about April 11, 2023 Opt-In Plaintiff Hatley filed a notice of her consent to join this litigation as a party plaintiff pursuant to Section 216(b) of the FLSA.  (Doc. 47).

The Parties' Settlement Agreement resolves Plaintiff Willis and Opt-In Plaintiffs Tracy Burgwald Smith, Kelly Cooper, Vicki Handte, Dayana Hudson, Donna Levatino, Melissa Moore, Jennifer Stafford-Kee, Alicia Barnhart and Tabatha Hatley's individual claims and will not affect the rights of any other individuals.

The parties, through their counsel, are familiar with the facts and legal arguments relevant to this Lawsuit. In consideration of the disputed facts and legal issues, and in advance of engaging in additional significant discovery and trial preparation activities, the parties engaged in settlement negotiations. The terms and conditions of settlement reflected in this Motion are a product of those negotiations, which were conducted at arm's length between the parties and their respective counsel.

The Parties' Settlement Agreement is attached as **Exhibit A** to this Motion.

Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in this Lawsuit. Defendant contends it has at all times complied with the FLSA. Defendant has entered into the Settlement Agreement and joined this Motion in order to avoid the cost and inconvenience of further litigation.

Plaintiff Willis and Opt-In Plaintiffs Tracy Burgwald Smith, Kelly Cooper, Vicki Handte, Dayana Hudson, Donna Levatino, Melissa Moore, Jennifer Stafford-Kee, Alicia Barnhart and Tabatha Hatley have agreed to this Motion because the settlement set forth herein reflects a reasonable compromise of the disputed issues in the Lawsuit and their individual claims, chiefly, if and to what extent they are owed overtime wages and liquidated damages. Plaintiffs believe that the certainty of settlement is better than the uncertain outcome of protracted litigation. Plaintiffs, Defendant, and their respective counsel stipulate and agree that the terms and conditions of settlement set forth in this Motion are fair, reasonable, and in the best interest of the Parties.

Nothing in this Motion shall be construed or deemed to be an admission of liability or wrongdoing on the part of Defendant. Pursuant to Rule 408 of the Federal Rules of Evidence, this Motion shall not be admissible in evidence in any proceeding; provided, however, that the Motion may be filed and used in this Lawsuit or any related litigation as necessary to approve, interpret,

or enforce this Motion, or in any subsequent action against or by Defendant to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion, issue preclusion, or similar defense, claim, or counterclaim.

**Dismissal of the Lawsuit with Prejudice.**

Subject to the terms and conditions of this Motion, the Plaintiff Willis and Opt-In Plaintiffs Tracy Burgwald Smith, Kelly Cooper, Vicki Handte, Dayana Hudson, Donna Levatino, Melissa Moore, Jennifer Stafford-Kee, Alicia Barnhart and Tabatha Hatley agree that their claims alleged in this Lawsuit may and should be dismissed by the Court **WITH PREJUDICE.** Except as otherwise provided in this Motion, all parties will be responsible for their own costs and attorneys' fees.

**Unpaid Wages, Liquidated Damages and Attorneys' Fees and Costs as Settlement Consideration.**

In exchange for: (1) dismissal of the Lawsuit as described in Section 2 of this Motion; (2) the Plaintiff Willis's (individually and on behalf of the Opt-In Plaintiffs), execution of the Parties' Settlement Agreement; and (3) Plaintiff Willis's representations and stipulations as set forth in this Motion, Defendant has agreed to pay Plaintiff Willis a total sum of $1,500.00, Opt-In Plaintiff Burgwald Smith a total sum of $1,380.43, Opt-In Plaintiff Cooper a total sum of $1,304.79, Opt-In Plaintiff Handte a total sum of $1,550.62, Opt-In Plaintiff Hudson a total sum of $813.87, Opt-In Plaintiff Levatino a total sum of $1,021.14, Opt-In Plaintiff Moore a total sum of $50.00, Opt-In Plaintiff Stafford-Kee a total sum of $1,229.15, Opt-In Plaintiff Barnhart a total sum of $50.00 and Opt-In Plaintiff Hatley a total sum of $100.00, (the "Settlement Amounts") to resolve all claims alleged in the Lawsuit and for a release of wage and hour claims. The Settlement Amounts are in addition to the attorneys' fees and costs discussed below.

Within twenty-one (21) calendar days following the entry of the Court's anticipated order approving this Motion, Defendant shall make payment of the Settlement Amount.

### Reimbursement for Reasonable Attorneys' Fees and Litigation Costs

Defendant shall pay or cause to be paid by check to Plaintiff's Counsel a total of $22,400.00 for the fees and costs Plaintiff's Counsel has incurred prosecuting this Lawsuit. This is the total amount that Defendant shall pay in attorneys' fees and costs.

### Plaintiff Willis and Opt-In Plaintiffs' Release of Claims

As a material inducement to Defendant to enter into this Motion, and in exchange for the Settlement Payments, Plaintiff Willis (individually and on behalf of the Opt-In Plaintiffs) executed a Settlement Agreement reviewed by the Parties' respective counsel, expressly releasing all claims asserted in the Lawsuit against Defendant and each of their parent organizations, holding companies, predecessors, insurers, contractors, divisions, affiliates, related companies and joint ventures, business units, subsidiaries, and successors, and their current or former officers, directors, employees, and legal counsel (collectively, the "Released Parties") and releasing the Released Parties, to the fullest extent permitted by law, from all claims asserted or that could have been asserted in the Lawsuit related to their compensation with Defendant, including all claims arising under the FLSA; all claims arising out of any other state or local wage, minimum wage or overtime laws, and all derivative claims relating to unpaid wages, minimum wages, expense reimbursements, overtime wages, straight time wages, unpaid breaks, vacation pay, bonuses, benefits, incentive compensation, gratuities, back pay, or any other type of compensation, up to and including the date on which Plaintiff executes the Settlement Agreement, including all claims for liquidated, punitive, or penalty damages, interest, and attorneys' fees and costs.

5

4867-3467-2528.1 / 091581-1004

## II.     MEMORANDUM OF LAW

The Parties have reached a settlement which fairly and reasonably resolves the Parties' claims and defenses. The Parties through their counsel negotiated at arm's length over several weeks to reach the settlement agreement. As such, the Court should enter an order approving the settlement.

**I.    The Proposed Settlement Fairly and Reasonably Resolves the Parties Claims and Defenses.**

    **A.    Standard for Settlement Approval**

Although it is not clear in this Circuit that court approval of a settlement of FLSA claims is required to be binding, parties are certainly free to seek court approval of a private lawsuit brought under Section 216(b). *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).[1] In reviewing an FLSA settlement, the court should scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355; *accord Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13- 2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015); *Wills v. Cellular Sales of Tenn., LLC*, No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in

---

[1] *But see Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012) (holding where plaintiffs were represented by counsel and knew about their FLSA rights Court approval of an FLSA settlement was not required because there was little danger of the plaintiffs being disadvantaged by unequal bargaining power.)

6

addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### B. A Bona Fide Dispute Exists Over Liability and Damages.

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id; accord Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014). "A bona fide dispute has to do with whether some issue of the employer's liability is 'actually and reasonably in dispute.'" *Athan v. United States Steel Corp.*, 523 F.3d 960 2021 WL 805430, at *3 (E.D. Mich. Mar. 3, 2021) (citations omitted).

A bona fide dispute clearly exists here. This case was heavily litigated by the parties. Plaintiff claims she and others were not paid for all hours worked over forty (40) in each workweek due to Plaintiff and others being required to work off the clock. Plaintiff contends that she and others are entitled to overtime for these hours worked. Defendant specifically denies these claims and further denies that Plaintiff and Opt-in Plaintiffs are owed any additional overtime or other wages under the FLSA or any other laws.

In addition to the many disputes regarding Defendant's liability and potential collective decertification, the Parties have opposing views on other damages components such as: (1) how to calculate damages, (2) whether liquidated damages were available; and (3) whether a two-year or

three-year limitations period apply. Defendant also maintains that it properly compensated all of its workers pursuant to its policies and procedures and all applicable law.

Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with full-blown litigation and discovery, and the uncertainty of dispositive motion practice, decertification, and trial, the Parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by Defendant in exchange for releases of claims by Plaintiffs and dismissal of this case with prejudice in order to avoid the time and expense inherent in continued litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

### C.   The Settlement Is Fair and Reasonable.

In addition to resolving a bona fide dispute between the Parties, the settlement achieved is fair and reasonable and should be approved for several reasons.  First, the proposed settlement arises out of actions for alleged unpaid overtime and other wages brought by Plaintiffs against their employer.

Plaintiff believes such a compromise is reasonable under the circumstances given the defenses and risks associated with continuing to litigate the claims in this case. Thus, Plaintiff and Plaintiffs' Counsel believe the proposed Settlement provides a fair recovery considering that Defendant has: (1) reasonable arguments for why the Plaintiffs recovery, if any, was minimal; (2) a chance of having this collective decertified—potentially with the claims of all but Named

8

                                   PageID 196

Plaintiff being dismissed; (3) legitimate arguments that liquidated damages were not available; and (4) legitimate arguments that a two-year statutory period should apply.

Second, no collusion occurred between the Parties or their counsel. *See Schneider v. Goodyear Tire & Rubber Co.,* No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk). Rather, this settlement was reached as a result of arm's-length negotiations between the Parties. *See, e.g., Athan*, 2021 WL 805430, at *4 (finding no evidence of fraud or collusion in parties' FLSA settlement where parties reached an arms' length settlement over the course of a 12-hour mediation with an independent third-party mediator); *Fitzgerald v. P.L. Marketing, Inc.*, No. 17-02251, 2020 WL 3621250, at *6 (W.D. Tenn. July 2, 2020) (recognizing there were "no concerns about fraud or collusion" where FLSA settlement was product of two mediation sessions with a respected third-party mediator).

Third, during the litigation and settlement of this action, Plaintiffs were represented by counsel who are experienced in handling wage and hour collective actions. Plaintiffs' Counsel have the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' Counsel also have a long-standing multijurisdictional practice representing both employees and employers in similar FLSA collective litigation. Defense counsel is likewise experienced in defending similar claims. Counsel for the Parties have advised their respective clients regarding the settlement and they have recommended judicial approval. Courts routinely give these recommendations weight. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in

settlement as an indication of fairness); *Athan*, 2021 WL 805430, at *6 (recognizing opinions of class counsel and representatives favored approval of FLSA settlement).

Fourth, the range of possible recovery in this case was uncertain and the Parties had very divergent positions on liability overall and damages. As noted above, Plaintiffs were at risk of, *inter alia*, recovering little or nothing due to difficult factual and legal questions and the possibility of decertification. "Given the uncertainty surrounding a possible trial in [these matters], the certainty and finality that comes with settlement [] weighs in favor of a ruling approving the agreement. Likewise, such a ruling promotes the public's interest in encouraging settlement of litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 08-1694, 2010 WL 7769033, at *6 (N.D. Ohio Mar. 8, 2010); *see also Fitzgerald*, 2020 WL 3621250, at *6 ("Public policy favors settlement of collective actions.").

Fifth, the proceedings have advanced through initial pleadings, fact investigation and an informal and formal discovery period, permitting the Parties and their experienced counsel to: (i) collect, obtain, and review evidence; (ii) review and assess data and other information; (iii) assess evidence provided in support of the claims and defenses in this matter; (iv) evaluate their claims and defenses; (v) understand the scope of potential damages; and (vi) engage in negotiations with the mutual understanding that dispositive motion practice and the decertification motion process would be a difficult, costly, and an uncertain undertaking.

Sixth, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. Without question, if the case had not settled, the Parties would have spent significant time and resources briefing decertification and other dispositive motions. After the resolution of these motions, the Parties would have had to engage in expensive and extensive efforts to prepare pretrial

submissions and prepare for trial in this matter while those motions were pending, and eventually, may have faced the prospect of an expensive, lengthy trial as well as likely post-trial motions and appeals.

Rather than take this path, the Parties directed their efforts toward an informed, efficient resolution of the claims. While a number of issues remain unresolved, the expansive discovery and fact investigation processes enabled counsel to critically assess the respective strengths and weaknesses of their case and reach the conclusion that settlement is in the Parties' best interests. The settlement eliminates the inherent risks both sides would face if this case were to continue. *See, e.g., Athan*, 2021 WL 805430, at *5 ("The Parties have compromised to avoid experiencing either extreme outcome—dismissal for Plaintiffs or an adverse judgment for Defendant. The Parties' settlement is a reasonable means for the Parties to minimize or altogether avoid future time expended, risks, and litigation costs."). Under these circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

WHEREFORE, the Parties respectfully request that the Court grant the Parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice.

Date: November 14, 2023.

Respectfully submitted,

| | |
|---|---|
| */s/J. Russ Bryant* | */s/ Matthew G. Gallagher* |
| Gordon E. Jackson (TN BPR #8323) | Matthew G. Gallagher (TN Bar No. 27242) |
| J. Russ Bryant (TN BPR #33830) | Kaitlyn A. Hansen (TN Bar No. 037021) |
| JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT | LITTLER MENDELSON, P.C. |
| 262 German Oak Drive | 3725 Champion Hills Drive, Suite 3000 |
| Memphis, TN 38018 | Memphis, TN 38125 |
| Telephone: (901) 754-8001 | Telephone: (901) 795-6695 |
| Facsimile: (901) 754-8524 | Facsimile: (901) 881-4333 |
| | Email: mgallagher@littler.com |
| Email: gjackson@jsyc.com |       khansen@littler.com |
|       rbryant@jsyc.com | |
| | Counsel for Defendant CGS Stores, Inc. |
| Counsel for Plaintiff Beverly Willis and Opt-In Plaintiffs | |

4867-3467-2528.1 / 091581-1004

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of November, 2023, the undersigned filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to the appropriate CM/ECF participants as follows:

Matthew G. Gallagher (TN Bar No. 27242)
Kaitlyn A. Hansen (TN Bar No. 037021)
LITTLER MENDELSON, P.C.
3725 Champion Hills Drive, Suite 3000
Memphis, TN 38125
Telephone: (901) 795-6695
Facsimile: (901) 881-4333
Email: mgallagher@littler.com
         khansen@littler.com


*/s/ J. Russ Bryant*

4867-3467-2528.1 / 091581-1004